**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **HILDA FREEMAN** | **:** | |
| | **:** | |
| **v.** | **:** | **Civil No. JKS 10-482** |
| | **:** | |
| **SUPERVALU, INC.** | **:** | |
| | **:** | |

## MEMORANDUM OPINION

Plaintiff Hilda Freeman originally filed this action in the Circuit Court for Prince George's County alleging negligence on the part of Defendant Supervalu, Inc. (ECF No. 2). Supervalu removed the action to the United States District Court for the District of Maryland. (ECF No. 1). Pursuant to consent of the parties, the case was referred to me for all further proceedings. (Dkt. No. 13). Presently pending and ready for resolution is Supervalu's motion for summary judgment. (Dkt. No. 15). No hearing is deemed necessary. For the reasons set forth below, Supervalu's motion will be granted.

## I.    Background.

The following facts are either undisputed or are construed in the light most favorable to Ms. Freeman. On October 11, 2008, at approximately 8:30 p.m., Ms. Freeman and her daughter went shopping at the Shoppers Food Warehouse store located on Silver Hill Road in Forestville, Maryland. (Hilda Freeman Dep. at 32). While waiting in the checkout line with her daughter, Ms. Freeman remembered that she had forgotten to purchase a can of green beans. *Id.* at 35. On her way back to the checkout line, Ms. Freeman slipped and fell on an orange liquid on the floor. *Id.* at 32, 38. Ms. Freeman did not see the liquid on the floor until after the accident. *Id.* at 39. Ms. Freeman also does not know how the liquid came to be on the floor, or how long it was there prior to the incident. *Id.* at 38–39.

## II.     Standard of Review.

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c).  When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion.  *See United States v. Diebold*, 369 U.S. 654, 655 (1962).  The burden is on the moving party to demonstrate the absence of any genuine issue of material fact.  *Pulliam Invest. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).  A moving party who will not have the burden of proof at trial need only point to the insufficiency of the other side's evidence, thereby shifting the burden of raising a genuine issue of fact by substantial evidence to the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

A party who will have the burden of proof at trial, on the other hand, must make a showing sufficient to establish the existence of the essential elements of its claim or defense. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment.  *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003).  To defeat the motion, the party opposing summary judgment must submit evidentiary materials showing facts on the basis of which the finder of fact could reasonably decide the case in its favor.  *Anderson*, 477 U.S. at 252.  If a party fails to make a showing sufficient to establish the existence of an essential element on which that party will bear the burden of proof at trial, summary judgment is proper. *Id.*

# III.    **Discussion.**

The Court of Appeals of Maryland[1] has adopted the rule in the Restatement (Second) of

Torts § 343 (1965) for the general duty a private landowner owes to its invitees.  *Deering Woods*

*Condo. Ass'n v. Spoon*, 377 Md. 250, 263 (2003); *Rawls v. Hochschild, Kohn & Co., Inc.*, 207

Md. 113, 117 (1955).  Section 343 provides:

> A possessor of land is subject to liability for physical harm caused
> to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the
> condition, and should realize that it involves an unreasonable risk
> of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger,
> or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the
> danger.

Thus, a shopkeeper must exercise ordinary care to keep the premises in a reasonably safe

condition, and is liable for injuries sustained by a customer in consequence of the failure to do

so.  *Moulden v. Greenbelt Consumer Services, Inc.*, 239 Md. 229, 231-32 (1965).  "However, the

proprietor of a store is not an insurer of the safety of his customers while they are on the

premises and no presumption of negligence on the part of the owner arises merely from a

showing that an injury was sustained in his store."  *Moulden*, 239 Md. at 232; *Rawls*, 207 Md. at

118.  "To recover in an action for damages, the plaintiff must show that the defendant was guilty

of negligence which produced the particular injury alleged."  *Moulden*, 239 Md. at 232; *Rawls*,

207 Md. at 118-19.

The burden is on the plaintiff "to show that the proprietor created the dangerous condition

or had actual or constructive knowledge of its existence."  *Moulden*, 239 Md. at 232; *Rawls*, 207

---

[1] Maryland substantive law applies in this diversity action.

Md. at 119.  To establish constructive knowledge, the plaintiff must show how long the dangerous condition has existed.  *Joseph v. Bozzuto Mgmt Co.*, 173 Md. App. 305, 316 (2007) (citing *Maans v. Giant*, 161 Md. App. 620, 632 (2005)).  This rule, known as "time on the floor" evidence, is relevant as to notice to the storekeeper, as well as the issue of what care was exercised.  *Bozzuto*, 173 Md. App. at 317 (quoting *Maans*, 161 Md. App. at 639-40).

Here, there is no evidence that Supervalu created the dangerous condition or had actual or constructive knowledge of its existence.  Ms. Freeman does not even attempt to argue so in her opposition memorandum, but instead argues that this court should apply the mode-of-operation rule.  ECF No. 18 at 3–4.  Under the mode-of-operation rule, "the plaintiff is not required to prove notice if the proprietor could reasonably anticipate that hazardous conditions would regularly arise, based on the manner the owner/occupier regularly does business."  *Maans*, 161 Md. App. at 637.  Ms. Freeman argues that because Supervalu's business involves selling food and beverage products, it should reasonably anticipate spills, and as a result, must "prevent such a spill from occurring or, at the very least, warn its patrons of such a peril."  ECF No. 18 at 4. Maryland, however, has rejected the mode-of-operation rule in favor of the rule requiring a plaintiff to provide "time on the floor" evidence.  *See Maans*, 161 Md. App. at 639 (noting that the mode-of-operation rule is at odds with Maryland precedent).

Ms. Freeman also argues that Supervalu had a duty to warn her of the spill because "she had no knowledge of [it] just before her fall."  ECF No. 18 at 4.  The Maryland rule, however, does not look to the plaintiff's knowledge, but rather to whether the defendant had constructive or actual knowledge of the spill.  *Moulden*, 239 Md. at 232; *Rawls*, 207 Md. at 119.  Ms. Freeman has not offered, and this court cannot find, any evidence to warrant a finding of

constructive or actual knowledge by Supervalu.  The evidence is accordingly insufficient as a matter of law to establish Supervalu's negligence.

**IV.**     **Conclusion.**

There is no evidence upon which a reasonable jury could find a negligent failure to discover the condition which caused Ms. Freeman's fall.  Accordingly, Supervalu's motion for summary judgment will be granted.  A separate order will be entered.


September 21, 2010   
      Date

/S/
JILLYN K. SCHULZE
United States Magistrate Judge